IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00503-ZLW

BENAD ABIODUN,

Applicant,

v.

ERIC HOLDER, U.S. Att'y General, et al.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO REOPEN

---

Applicant Benad Abiodun has filed *pro se* on May 29, 2009, a "Motion to Reopen" in which he asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on April 30, 2009. The Court must construe the "Motion to Reopen" liberally because Mr. Abiodun is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion to Reopen" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Abiodun's "Motion to Reopen," which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant habeas corpus action after Mr. Abiodun failed to respond to an order directing him to show cause why this action should not be dismissed because he is not in custody. Mr. Abiodun was ordered to show cause because he currently resides in Nigeria. The claims Mr. Abiodun raises in the habeas corpus application challenge the denial of his petition for naturalization and his removal from the United States in June 2008.

Mr. Abiodun alleges in the motion to reconsider that he did not receive a copy of the order directing him to show cause until May 15, 2009, the same day he received a copy of the Court's Order of Dismissal in this action. Mr. Abiodun also argues in the motion to reconsider that he has a right under the Administrative Procedure Act (APA) to challenge the actions of the Department of Homeland Security that resulted in his removal from the United States to Nigeria.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Abiodun fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Even accepting Mr. Abiodun's explanation that he did not receive a copy of the order to show cause until May 15, he still fails to demonstrate that he is in custody for the

purposes of this habeas corpus action. Mr. Abiodun has not filed an action under the APA and his argument that he has a right to seek judicial review under the APA is not relevant to whether he is in custody and whether he may pursue his claims in this habeas corpus action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reopen" filed on May 29, 2009, is denied.

DATED at Denver, Colorado, this __11__ day of ____June____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00503-ZLW

Benad Abiodun
P.O. Box 30677
Secretariat, Agodi,
Ibadan Oyo State, Nigeria

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/12/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk